ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Salaryzadeh,<br><br>    Petitioner,<br><br>v.<br><br>David R Rivas, et al.,<br><br>    Respondents. | No. CV-25-03274-PHX-SMB (ASB)<br><br>**ORDER** |

Petitioner David Salaryzadeh filed a Petition for Writ of Habeas Corpus Under § 2241, a Motion to Appoint Counsel, a Motion for Limited Discovery, and a Motion for Temporary Restraining Order and Preliminary Injunction. (Docs. 1, 3, 4, 6.) The Court will grant the motion for limited discovery, deny the motion for counsel, and require Respondents to answer the Petition and motion for injunctive relief.

In his Petition, Petitioner names San Luis Regional Detention Center Warden David R. Rivas; Immigrations and Customs Enforcement ("ICE") San Diego Field Director Gregory J. Archambeault; United States Attorney General Pamela J. Bondi, and United States Department of Homeland Security Secretary Kristi Noem as Respondents. Petitioner raises two grounds for relief.

Petitioner was born to an Iranian mother in what was then West Germany in 1980; he does not know whether his father was Iranian, German, or some other nationality. German law does not recognize birthright citizenship for those born in Germany to non-German parents prior to January 1, 2000.

Petitioner and his mother settled in the United States when he was a child; his mother later became a naturalized citizen. Petitioner has a lengthy criminal history consisting of convictions for multiple drug offenses, assault with a deadly weapon, forgery, receiving stolen property, identity theft, second degree burglary, and battery with infliction of serious bodily injury between 2004 – 2025. He was ordered removed from the United States in 2004 and yet has not been removed. Petitioner has not been removed, however, and has been released from ICE custody on orders of supervision multiple times. Petitioner was most recently taken into ICE custody on June 13, 2025, and remains detained pending his removal from the country. However, because he does not know the nationality of his father, he is unable to demonstrate that he is a German national (such that removal to Germany would be appropriate), nor is he able to be removed to Iran because ICE has concluded that Iran is one of 15 "uncooperative" countries that do not accept the return of its citizens—even assuming that Petitioner is an Iranian citizen—from the United States. As such, Petitioner asserts that he is essentially stateless, that there is no reasonable likelihood of his removal from the United States in the foreseeable future, and that his detention is effectively indefinite in violation of the Fifth Amendment.

The Court will require Respondents to answer the Petition and Motion for Temporary Restraining Order and Preliminary Injunction. (Docs. 1 and 6). Petitioner also moves for the appointment of counsel. In general, a civil petitioner is not entitled to the appointment of counsel. While Petitioner is not entitled to counsel in a civil case, the Court does have authority to appoint counsel under 18 U.S.C. § 3006A(a)(2)(B) if it is in the interest of justice. The motion in part relies on a statement that Petition is in custody without access to a law library. That is incorrect as illegal alien detainees do have access to a law library. Counsel also asks to be appointed because petitioner will have difficulty articulating claims pro se. However, many in custody plaintiffs can successfully litigate complicated civil rights cases. The Court does not find that counsel should be appointed, and will thus deny the motion. Finally, Petitioner moves for limited discovery of six categories of materials related to his immigration proceedings. The Court will grant, in

part, the request for limited discovery and direct Respondents to provide provide Petitioner's A-File, any and all documents relating to the periodic custody reviews described in 8 C.F.R. § 241.4 for all periods of time that Mr. Salaryzadeh has been in ICE custody, and Any and all documents relating to any determination under 8 C.F.R. § 241.13 and 8 C.F.R. § 241.14 regarding whether there is a significant likelihood of removing Mr. Salaryzadeh in the reasonably foreseeable future.

**IT IS ORDERED:**

(1) Petitioner's Motion for Appointment of Counsel (Doc. 3) is **denied**. Counsel must immediately notify the Court of Petitioner's address.

(2) The Clerk of Court must serve a copy of the Summons (edited to reflect Petitioner's address instead of Counsel's address), the Petition, Motion for Temporary Restraining Order and Preliminary Injunction, and Motion for Limited Discovery (Docs. 1, 4, 6) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the edited Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) The Clerk of Court must also immediately transmit by email a copy of this Order and a copy of the Petition, Motion for Temporary Restraining Order and Preliminary Injunction, and Motion for Limited Discovery (Docs. 1, 4, 6) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, and Lon Leavitt at lon.leavitt@usdoj.gov.

(4) Petitioner's Motion for Limited Discovery (Doc. 4) is **granted in part**. Respondents must respond to the three requests for documents **no later than 5:00 p.m. Friday, September 26, 2025**.

1   (5) Respondents must respond to the Motion for Temporary Restraining Order
2   and Preliminary Injunction (Doc. 6) **no later than 5:00 p.m. Friday, September 26, 2025**.
3   Petitioner may file a reply **no later than 5:00 p.m. Monday, October 6, 2025**..

4   (6) Respondents must answer the petition within **twenty (20) days** of the date of
5   service.

6   (7) Petitioner may file a reply within **ten (10) days** from the date of service of
7   the answer.

8   Dated this 16th day of September, 2025.

Honorable Susan M. Brnovich
United States District Judge